TAGGED



**ORDERED in the Southern District of Florida on March 6, 2024.**

_____
**Scott M. Grossman, Judge
United States Bankruptcy Court**
_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

UNITED SAFETY AND ALARMS, INC.,           Case No. 23-14861-SMG

    Debtor.                                            Chapter 11

_____/

## MEMORANDUM OPINION

Subchapter V of chapter 11 of the Bankruptcy Code "establishes an expedited process for small business debtors to reorganize quickly, inexpensively, and efficiently."[1] "It provides qualifying debtors with some powerful and cost-saving restructuring tools not otherwise available to Chapter 11 debtors."[2] One significant benefit of subchapter V is that a debtor normally does not have to file and seek

---

[1] *In re Seven Stars on the Hudson Corp.*, 618 B.R. 333, 336 (Bankr. S.D. Fla. 2020).
[2] *Id.* at 340.

approval of a disclosure statement before it can solicit votes on a chapter 11 plan,[3] which is otherwise required of traditional chapter 11 debtors.[4] Avoiding the requirement of a disclosure statement saves both money (the cost to prepare it) and time (an additional hearing requiring at least 28 days' notice).[5] In exchange for this less expensive and quicker path to confirmation of a chapter 11 plan, subchapter V requires certain information that would normally be found in a disclosure statement to instead be incorporated into the plan. Specifically, Bankruptcy Code section 1190(1) requires that a plan include:

> (A) a brief history of the business operations of the debtor;
>
> (B) a liquidation analysis; and
>
> (C) projections with respect to the ability of the debtor to make payments under the proposed plan of reorganization.[6]

Subchapter V also sets a strict 90-day deadline for filing a plan, which can be extended only "if the need for the extension is attributable to circumstances for which the debtor should not justly be held accountable."[7]

---

[3] The Bankruptcy Code's disclosure statement approval process essentially "replaces the registration and prospectus requirements of securities laws." *Matter of Standard Oil & Expl. of Delaware, Inc.*, 136 B.R. 141, 151 (Bankr. W.D. Mich. 1992). Court approval of a disclosure statement "creates a safe harbor from liability under securities laws for those who solicit acceptances of a plan." *In re Michelson*, 141 B.R. 715, 720 n.15 (Bankr. E.D. Cal. 1992); *see* 11 U.S.C. § 1125(e). While significantly less onerous than state and federal securities law prospectus and registration requirements, preparation of a disclosure statement still entails a fair amount of work, which can be an impediment to a small business debtor seeking to reorganize under the Bankruptcy Code.

[4] Under Bankruptcy Code section 1181(b), however, the court can require a subchapter V debtor to file a disclosure statement for cause.

[5] *See* Fed. R. Bankr. P. 2002(b).

[6] 11 U.S.C. § 1190(1).

[7] 11 U.S.C. § 1189(b); *see also Seven Stars*, 618 B.R. at 344-47.

Debtor United Safety and Alarms, Inc., filed this case under subchapter V on June 21, 2023.[8] Under Bankruptcy Code section 1189(b), its deadline to file a plan was September 19, 2023. On that date, the Debtor did file a document that purported to be a plan.[9] But that document failed to contain any liquidation analysis or projections, as required by section 1190(1). Although it did include an index listing these items as exhibits, it added a notation that these exhibits would be filed on or before 21 days before the confirmation hearing. But under the plain text of section 1190(1) – as well as a holistic reading of subchapter V – a "plan" that fails to include a liquidation analysis and projections fails to satisfy section 1189(b)'s requirement to file a plan within 90 days of the petition date.[10] And under Bankruptcy Code section 1112(b)(4)(J), the Debtor's failure to timely file a plan is cause for dismissal or conversion of its case to a chapter 7 liquidation.[11]

Under Bankruptcy Code section 1112(b)(4)(F), cause for dismissal or conversion also includes the "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter."[12] "Timely and accurate financial disclosure is the life blood of the Chapter 11 process."[13] Bankruptcy Code section 1187(b) requires a subchapter V

---

[8] ECF No. 1.
[9] ECF No. 64.
[10] Although four months later the Debtor filed an amended plan that did include projections and a liquidation analysis (ECF No. 87), this belated amendment did not remedy the defect in the original plan that was filed by the 90-day deadline.
[11] 11 U.S.C. § 1112(b)(4)(J); *see also Seven Stars*, 618 B.R. at 339 (failure to file a timely subchapter V plan is cause for dismissal).
[12] 11 U.S.C. § 1112(b)(4)(F); *see also In re No Rust Rebar, Inc.*, 641 B.R. 412, 428 (Bankr. S.D. Fla. 2022) (unexcused failure to file monthly operating reports is cause for conversion).
[13] *Matter of Berryhill*, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991).

debtor to comply with the requirements of Bankruptcy Code section 308.[14] Section 308 in turn requires a debtor to file certain periodic financial and other reports with the court during the pendency of its case.[15] Federal Rule of Bankruptcy Procedure 2015 implements these statutory requirements.[16] It requires a subchapter V debtor to file monthly operating reports by no later than 21 days after the last day of the preceding calendar month.[17] These monthly operating reports "are the means by which creditors can monitor a debtor's post-petition operations."[18] A debtor's "habitual noncompliance calls into question [its] ability to effectively reorganize,"[19] "is a serious breach of the debtor's fiduciary obligations[,] and 'undermines the chapter 11 process.'"[20]

In this case the Debtor's July 2023 monthly operating report, which was due by August 21, 2023, was filed 24 days late on September 14, 2023.[21] Its August report was then filed six days late, on September 27, 2023.[22] After that, the Debtor became even more delinquent in its reporting obligations. Its September report – which was due October 21, 2023 – was not filed until December 11, 2023, rendering it 52 days late.[23] Indeed, the tardy September report was only filed after creditor Alarm

---

[14] 11 U.S.C. § 1187(b).
[15] 11 U.S.C. § 308(b).
[16] Fed. R. Bankr. P. 2015.
[17] Fed. R. Bankr. P. 2015(a)(6), (b).
[18] *Berryhill*, 127 B.R. at 433 (citing *In re Chesmid Park Corp.,* 45 B.R. 153, 159 (Bankr. E.D. Va. 1984)).
[19] *In re 210 W. Liberty Holdings, LLC*, 2009 WL 1522047, at *7 (Bankr. N.D. W. Va. 2009).
[20] *In re Rey*, 2006 WL 2457435, at *8 (Bankr. N.D. Ill. 2006) (quoting *All Denominational New Church*, 268 B.R. 536, 538 (B.A.P. 8th Cir. 2001)).
[21] ECF No. 63.
[22] ECF No. 66.
[23] ECF No. 77.

4

Connections, LLC filed its motion to convert this case to chapter 7 earlier that day.[24] The Debtor's October report was 21 days late, also filed on December 11 after Alarm Connections filed its motion to convert.[25] Even after the motion to convert was filed the Debtor still continued to be serially delinquent in filing its monthly operating reports. It did not file its November report until February 7, 2024 – 48 days late.[26] It filed its December 2023 report that same day – also late, but only by 17 days.[27] Its January 2024 report was due by February 21, 2024, but as of the date of the March 5, 2024 hearing on Alarm Connections' motion to convert, that report still had not been filed.

In addition, at the outset of this case the Debtor failed to file certain financial statements required by Bankruptcy Code section 1116(1).[28] On June 22, 2023, the Clerk of the Court issued a deficiency notice, and gave the Debtor until June 29, 2023 to cure this deficiency.[29] The Court then granted the Debtor additional extensions of this deadline, the latest of which ran on July 14, 2023.[30] This extended deadline then came and went without the Debtor having filed a cash flow statement and federal income tax return, as required by section 1116(1). Over a month later – still without the Debtor having filed these required documents – the Court on August 22, 2023 issued an order to show cause why this case should not be dismissed and setting a

---

[24] ECF No. 76.
[25] ECF No. 78. The Debtor then amended this report 58 days later, on February 7, 2024. ECF No. 92.
[26] ECF No. 93.
[27] ECF No. 94.
[28] *See* 11 U.S.C. §§ 1116(1), 1187(a).
[29] ECF No. 8.
[30] ECF No. 35.

show cause hearing for September 6, 2023.[31] The day before the hearing – nearly 76 days into the case – the Debtor finally satisfied this reporting requirement.[32] This was still 53 days after the last extension granted to it. To say that this Debtor has had unexcused failures to satisfy timely any filing or reporting requirement established by the Bankruptcy Code and the Bankruptcy Rules is a gross understatement. This Debtor has repeatedly flouted its obligations as a debtor-in-possession under the Bankruptcy Code, and its failure to satisfy timely its reporting requirements therefore also constitutes cause for dismissal or conversion under Bankruptcy Code section 1112(b)(4)(F).[33]

Based on both the Debtor filing an incomplete plan and its repeated failure to file timely monthly operating reports, creditor Alarm Connections moved to convert this case to a chapter 7 liquidation on December 11, 2023.[34] The Court originally scheduled that motion for hearing on January 10, 2024.[35] In advance of that hearing, the Debtor moved[36] – with the agreement of Alarm Connections – to continue the hearing for approximately two months, to coincide with the previously-scheduled hearing on confirmation[37] of the Debtor's chapter 11 plan[38] and to allow the parties additional time to engage in settlement discussions and conduct discovery. The Court

---

[31] ECF No. 54.
[32] ECF No. 58. After the Debtor finally cured this deficiency, the Court entered an order discharging its order to show cause. ECF No. 59.
[33] 11 U.S.C. § 1112(b)(4)(F).
[34] ECF No. 76.
[35] ECF No. 82.
[36] ECF No. 84.
[37] ECF No. 79. Confirmation had originally been scheduled for November 16, 2023 (ECF No. 65) but was continued at the Debtor's request to February 15, 2024 (ECF No. 75) and then *sua sponte* rescheduled by the Court for March 5, 2024 (ECF No. 79).
[38] ECF No. 64.

6

granted that motion to continue, and rescheduled the conversion motion for hearing on March 5, 2024,[39] the same date on which confirmation of the Debtor's chapter 11 plan had been set. In advance of that date, however, the Debtor failed to comply with a number of its pre-confirmation filing requirements.[40] Then on March 1, 2024, the Debtor moved to continue both the confirmation hearing and the conversion hearing, again with Alarm Connections' agreement.[41]

Given the issues discussed above, although the motion to continue was agreed to by the Debtor and Alarm Connections, the Court set that motion for hearing on March 5, 2024.[42] At the March 5 hearing, after hearing from counsel for the Debtor, counsel for Alarm Connections, counsel for the Broward County (Florida) Tax Collector, counsel for the United States Trustee, and the subchapter V trustee, the Court concluded – notwithstanding the agreement of the Debtor and Alarm Connections to continue the hearing – that cause for conversion or dismissal under Bankruptcy Code section 1112(b)(1) clearly existed in this case. Once a court has found cause for dismissal or conversion, with certain exceptions not applicable here, the Bankruptcy Code then requires the Court to convert or dismiss the case, whichever is in the best interests of creditors and the estate. Here, upon hearing from counsel for Alarm Connections (the overwhelmingly largest creditor in this case),[43]

---

[39] ECF No. 85.
[40] *See* ECF No. 79.
[41] ECF No. 104.
[42] ECF No. 106.
[43] Alarm Connections has filed a proof of claim in excess of $12 million. Claim No. 6-1. This amount puts the Debtor well over the $7.5 million eligibility limit for subchapter V. *See* 11 U.S.C. 1182(1)(A). But no party timely filed any objection to the Debtor's subchapter V designation, so the case was allowed to proceed under subchapter V. *See* Fed. R. Bankr. P. 1020.

7

counsel for the Broward County Tax Collector (who indicated that the Debtor has been delinquent in filing its tax returns), counsel for the United States Trustee, and the subchapter V trustee, the Court concluded that conversion of this case to a case under chapter 7 is in the best interests of creditors and the estate. For these reasons, the Court has entered an order[44] converting this case to chapter 7.

### 

*Copies furnished to all interested parties by CM/ECF.*

---

[44] ECF No. 110.